IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHANED AL-SAEDY, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:07-CV-0226-R |
| | § | ECF |
| ANGELA K. BARROWS, DIRECTOR, | § | |
| DALLAS DISTRICT OFFICE, | § | |
| CITIZENSHIP & IMMIGRATION | § | |
| SERVICES, et al, | § | |
|       Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Mohaned Al-Saedy filed this action asking the Court to make a determination regarding his naturalization application under 8 U.S.C. § 1447(b). Defendants, Angela K. Barrows, Michael Chertoff, and Alberto Gonzalez, moved to dismiss his complaint, or in the alternative, remand his case, claiming that this Court lacks jurisdiction to decide the case. The Court disagrees and denies the Motion to Dismiss, or in the Alternative, to Remand (Dkt. No. 6).

I. Background

Al-Saedy immigrated to this country from Iraq. He has been residing in the United States since 1998 as a lawful permanent resident. On January 31, 2002, he filed his application for naturalization. The USCIS conducted his interview on November 1, 2002. He passed the required tests in English, United States history and government. Now almost five years later, he is still awaiting a decision on his naturalization application.

II. Analysis

Section 1447(b) gives a person seeking naturalization the right to petition the district

court if the USCIS has not made a determination within 120 days of the date of examination. Defendants argue that the date of examination, as used in the statute, does not refer to the date of the interview, but to the entire process of interview and investigation, including various background checks.

This Court agrees with the majority of courts that have rejected this illogical interpretation of the statute.  *See Negam v. U.S.,* 480 F. Supp. 2d 877 (N.D. Tex. 2007); *El-Daour v. Chertoff,* 417 F. Supp. 2d 679, 680-82 (W.D. Pa. 2005). Therefore, the Court finds that it has jurisdiction to hear Al-Saedy's application because more than 120 days have passed since the "date of the examination" – his interview.

Defendants further allege that the appropriate remedy, if the Court fails to interpret the statute to mean 120 days after the entire investigative and interview process is complete, is to remand the case to the USCIS to process the application after the background check is complete. This Court does not agree.  Instead, this Court adopts the reasoning of another court in the Northern District of Texas that was faced with this issue.  *Negam,* 480 F. Supp. 2d 877. The Court finds no need to further expound on Judge McBryde's analysis and holding in that case. Instead, for consistency, this Court also comes to the same conclusion that the "governmental agencies have had more than sufficient time to perform the functions required of them for the processing of [Al-Saedy's] application."  Approximately 1,698 days have past since Al-Saedy's examination.  Al-Saedy is entitled to a decision on his application.

Because the Court understands the importance of the investigatory process in determining Al-Saedy's naturalization application, it ORDERS the following:

(1) Defendants must provide the Court with Al-Saedy's completed background checks and an accompanying report on his background checks by August 1, 2007.  Defendants shall file

these documents *ex parte* and under seal in this cause.

(2) Defendants may provide the Court with any further documentation relevant to Al-Saedy's naturalization application by August 1, 2007.  These documents may also be filed *ex parte* and under seal.

(3) The Court will conduct a hearing on August 9, 2007, at 10:00 a.m. to consider Al-Saedy's naturalization application.  Al-Saedy, counsel for Al-Saedy, and counsel for Defendants must be present.  If the parties wish to present evidence or witnesses at the hearing, the evidence and a list of witnesses must be submitted to the Court by August 6, 2007.

**ENTERED: June 28, 2007**

**It is so ORDERED.**

_____
**JERRY BUCHMEYER
SENIOR DISTRICT JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**