IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHANED AL-SAEDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-0226-R |
| | § | |
| ANGELA K. BARROWS, DIRECTOR, | § | |
| DALLAS DISTRICT OFFICE, | § | |
| CITIZENSHIP & IMMIGRATION | § | |
| SERVICES, et al., | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' **MOTION TO DISMISS** (filed April 17, 2007) (Dkt. No. 6) and Plaintiff's **RESPONSE IN OPPOSITION** (filed May 17, 2007) (Dkt. No. 9). The Court previously DENIED the Motion to Dismiss on June 28, 2007. (Dkt. No.12). In light of the Fifth Circuit's recent decision in *Walji v. Gonzales*, 2007 WL 1747911 (5th Cir. 2007), we now VACATE our previous opinion and GRANT the motion to dismiss for lack of subject matter jurisdiction.

Mohaned Al-Saedy, a native of Iraq, protests the four year delay in his naturalization process. Pursuant to 8 U.S.C. §1447(b), he petitioned this Court for a determination of his application because it had been more than 120 days since the date of his examination with the United States Citizen and Immigration Services ("CIS"). Section 1447(b) grants a United States district court in the district where the applicant resides jurisdiction to hear a matter if the CIS fails to make a determination 120 days after the date of examination.

Our earlier opinion adopted the majority holding of other courts faced with this issue that the 120 day period begins after the administering of the language, history and government

examinations and not after the conclusion of the entire process, including background checks. *See, e.g.*, *Negam v. U.S.*, 480 F. Supp. 2d 877 (N.D. Tex. 2007); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 680-82 (W.D. Pa. 2005).   In *Walji*, the Fifth Circuit disagreed with that interpretation, holding that the Section 1447(b) examination includes the FBI background investigation. *Walji*, 2007 WL 1747911 at *2. Shabir Hussein Walji was a Ugandan who passed the CIS examinations in 2004. Two years later, when the FBI background checks were still pending, Walji filed a Section 1447(b) action. The district court denied subject matter jurisdiction and dismissed the complaint. The Fifth Circuit affirmed, concluding that Congressional intent for section 1447(b) is that the FBI security investigation should precede the administration of the examination. *Id.* When the examination is administered prematurely, this should not trigger the 120-day time period. *Id.* To hold otherwise would allow applicants to circumvent the FBI background checks and have their cases adjudicated in district courts before the completion of security investigations. *Id.* Thus, a premature examination does not qualify as a legitimate trigger of the 120-day time period. *Id.*

Similarly, in this case, almost five years after the examination, Al-Saedy's FBI background check is still pending. Under *Walji*, we now interpret the Section 1447(b) examination to include the security investigation. Therefore, this Court lacks jurisdiction to hear Al-Saedy's complaint under Section 1447(b) since the examination has not been completed.

Accordingly, the Court's June 28, 2007 Opinion (Dkt. No. 12) is VACATED and of no force and effect. Plaintiff's complaint is DISMISSED with prejudice. Defendants' motion to dismiss is GRANTED.

**It is so ORDERED.**

**SIGNED this 26th** day of July, 2007

_____

**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**